ANDERSON MFG. CO. et al. v. MANSUR & TEBBETTS IMPLEMENT CO. et al.

(Circuit Court of Appeals, Fifth Circuit. February 8, 1898.)

No. 628.

ASSIGNMENT FOR CREDITORS—DESCRIPTION OF PROPERTY.

An insolvent debtor executed a trust deed for the benefit of creditors, conveying his entire stock of goods, wares, merchandise, vehicles, and personal property described, including all "lying, situate, and being" in the back yard of a certain store. He afterwards executed a chattel mortgage on five Eclipse hay presses, situated on a vacant lot about 50 feet in the rear of the back yard of said store. There was no property whatever in such back yard. *Held*, that the five presses were conveyed by the trust deed.

Appeal from the Circuit Court of the United States for the Northern District of Texas.

Shapley P. Ross and Walter S. Baker, for appellants.

J. M. McCormick, for appellees.

Before McCORMICK, Circuit Judge, and NEWMAN and PARLANGE, District Judges.

NEWMAN, District Judge. The facts necessary to an understanding of this case are as follows: On the 3d day of December, 1896, W. E. Dupree made a deed of trust conveying to J. C. Birkhead, as trustee, with power of sale of certain property, his entire stock of goods, wares, merchandise, vehicles, and personal property, of whatever description, which was more particularly described in the deed of trust. Dupree's creditors were named in certain exhibits attached to the bill, and classified as "A," "B," and "C," a provision being made in the deed for the order in which the respective creditors were to be paid. Afterwards, on December 5, 1896, a bill in which the Mansur & Tebbetts Implement Company were complainants, and W. E. Dupree, J. C. Birkhead, and the Provident National Bank were defendants, was presented to the Honorable Charles Swayne, then holding the circuit court for the Northern district of Texas, in which bill complainants prayed for and obtained the appointment of a receiver to take charge of all the assets and property of every kind conveyed by and mentioned in said deed of trust. On the day last named, Frank F. Finks was appointed receiver in accordance with the prayer of the bill, took charge of the property mentioned, and has since been administering same under order of court. On the 9th day of December, 1896, W. E. Dupree executed and delivered to the Anderson Manufacturing Company his promissory note for $1,000 due on February 15, 1897, and, in order to secure the payment of said note, executed and delivered to the said company a chattel mortgage, whereby he conveyed five certain Eclipse hay presses situated in McLennan county, Tex. On April 5, 1897, the Anderson Manufacturing Company intervened in the case of the Mansur & Tebbetts Implement Company et al. against W. E. Dupree et al., alleging the execution of a note for $1,000 by Dupree to said company, and the execution and delivery of a mortgage on the Eclipse hay presses referred to, to secure the same. The intervention set out the execution

85 F.—16

of the trust deed from Dupree to Birkhead, Birkhead's possession of the property under the trust deed, the subsequent appointment of Finks as receiver, and his possession under such appointment. It alleged that the Eclipse hay presses were not embraced in the trust deed, and did not pass by it, and that said presses were never turned over to Birkhead, trustee, nor was he ever placed in possession of the same, and that Finks, receiver, took possession of the same without any lawful right or authority. Intervener alleged that the Eclipse hay presses were new, and were of the reasonable market value of $250 each, aggregating $1,200. It prayed that it be allowed the reasonable value of said presses out of the fund in the hands of Receiver Finks. On December 18, 1897, the court entered an order referring all interventions filed in said cause to A. S. Lathrop, Esq., standing master, directing him to proceed with the consideration of the same, and to make due report to the court. On May 3, 1897, the master reported, among other things, in favor of the Anderson Manufacturing Company, finding that the five Eclipse hay presses did not pass by the trust deed from Dupree to Birkhead, and finding that Finks, receiver, took possession of the presses. He found, also, that the mortgage was a valid lien to secure the note for $1,000, and that the receiver should return the presses to the intervener, so that they could be sold under its mortgage, or, if the receiver had sold the presses, that he pay to the intervener the amount of its claim. To this report of the master exceptions were filed, and the same came on for hearing in the circuit court.

It is contended just here that the court erred in considering the exceptions to the master's report, because the master failed to submit to counsel a draft of his report, so that they might except before the master, and give him an opportunity to consider the same, and correct his mistakes, if any. While this is good practice, it was a question for the circuit court as to whether the exceptions should be heard or not, and the exceptions were heard and acted on.

The real question before the master and before the circuit court was whether or not these five Eclipse hay presses were conveyed to Birkhead by the trust deed, and if they subsequently went properly into the possession of Finks, as receiver. The clause of the trust deed relied on is as follows:

"Also all and singular the goods, wares, merchandise, and property lying, situate, and being in the back yard of storehouse number 107 and storehouse number 108, which said storehouse is situated on Bridge street, in Waco, McLennan county, Texas."

The evidence before the master showed that these five Eclipse hay presses were in a vacant lot adjoining the railroad track in the rear of Dupree's storehouse No. 108; that they were not strictly in the back yard, because the back yard did not extend further back than an alley; and that it was 125 to 135 feet from the rear of his warehouse to where the presses were located. There were no goods in the back yard of storehouse No. 108. The house was about 80 feet deep, and the lot was 165 feet deep, leaving about 85 feet to the alley from the rear of the house for a back yard. Across the alley, and about 50 feet beyond, were the five hay presses. The circuit court, after hearing the excep-

tions to the master's report, sustained the same, overruling the master, and finding that the five Eclipse hay presses did pass by the trust deed, and therefore the mortgage executed by Dupree to the intervener was invalid.

We are called on, therefore, to determine here the correctness of this decision of the circuit court. We are of opinion that these hay presses did pass by the trust deed to Birkhead, and that Finks, as receiver, properly took possession of them. In addition to the weight that we are inclined to give to the judgment of the circuit court, determining the issue here as a question of fact, we agree with him in his conclusion on the facts. We reach this conclusion for two reasons:

1. It was the evident purpose of Dupree to convey all of his property, of every kind, by the trust deed, certainly all of his goods, wares, and merchandise; and he himself testified that these hay presses were part of his stock.

2. If these hay presses were not referred to by the language in the clause of the trust deed above quoted, "in the back yard of storehouse number 108," then no effect whatever can be given to that language in the deed. Dupree knew his own premises, and must have had something in mind when he had this expression inserted in the trust deed; and, as the evidence shows, in what was strictly his back yard, in the rear of No. 108, no goods were stored, these presses, in the open space just across the alley, and 50 feet from it, must, we think, have been referred to.

Entertaining this view of the case, it is unnecessary to consider the question as to whether the note secured by intervener's mortgage was properly admitted in evidence. Across the face of the note was stamped, "Paid. Preston National Bank." Finding against the intervener as to the validity and lien of its mortgage, we need only remark that an entry of this kind on the face of a note offered in evidence as the basis for a recovery should be very fully explained. In our opinion, the judgment of the circuit court sustaining the exceptions to the master's report, and finding against the intervener, was correct, and the judgment is therefore affirmed.